This cause, originally instituted in the Court of Campbell County, for a settlement of the mercantile accounts of Tate & Co. in which the complainants were partners, was removed to this, Court by certiorari, awarded on the application of the defendant.
The firm was constituted without any written agreement, or articles of copartnery. The complainants alleged that the copart-nership commenced in 1791 ; the defendant contended, that although he had assumed the style of Tate & Co. so early as 1791, for *15 the purpose of giving him a credit, yet no partnership existed till 1794. On this point, it was understood, there was a contrariety of evidence, all of which had not been taken.
Randolph and Wirt, for the complainants, moved for an order of reference of the accounts to a commissioner, with instructions to commence with the accounts of 1791, and that the defendant produce to the commissioner, all the books of Caleb Tate & Co. from that period. They were prepared, they said, to shew that the copartnership commenced at that time ; and that all the steps taken by the defendant in the Court below were calculated for delay.
Wickham and Call, for the defendant, opposed the motion, on principle. No delay, they assured the Court, was desired by the defendant ; but before an account was directed, with special instructions, it was necessary that the fact on which the parties were at issue, with respect to the commencement of the copartnership, should be decided by the Court, on evidence, all of which had not come in ; though they were authorised to say. enough would appear among the papers to ascertain that the copartnership did not commence till 1794. The course of the Court, they said, is to order a general reference of accounts, at any stage of the cause, after bill and answer, when it may appear necessary to a linai decree; but an order, with special directions, is never made, except when the cause is ready for hearing, and then not without notice to the adverse party of the intended application. Nor will the Court ever order particular books and papers to be produced to a commissioner, till it shall appear from the evidence, *that they relate to the copartnership, which is the subject of controversy, and are not the mere private books and papers of the party. In the case of Morris v. Alexander, a motion was often repeated to compel a production of the books of “William Alexander & Co.” but, on the suggestion of the defendant that they contained his own private accounts also, it was as often resisted by the Court. And the Judge holding the principle sacred, that a man’s private accounts could not, without his own consent, be submitted to the inspection of any person whatever, would never go further to order that the books which were opened by Alexander, as the factor of Morris, should be produced to the commissioner, with this express reservation, that he should not inspect any of the private accounts of Alexander contained therein, unless they were particularly referred to in some of the partnership accounts.
By the Court. To determine now the time at which the copartnership commenced would be to decide prematurely one of the principal questions in this cause. But the Court has no objection to order the account to be taken from such period of time as either party may reqitire; and as the books kept by the defendant between 1791 and 1794, were in the name of Caleb Tate & Co. in which several entries appear, charging the complainants individually with a proportion of the expenses of the firm, those books must be produced to the commissioner ; with this restriction, if desired by the defendant’s counsel, that he shall take no notice of any entry which relates to the mere private affairs of the defendant.